RICHARDSON et al., v. LOWRY, Appellant.

**Husband and Wife:** GIFT TO WIFE: HUSBAND'S DEBTS: SET-OFF.
Where, upon the sale of property of a married man, he takes from the purchaser a note payable to his wife, the note is *prima facie* evidence of a gift to the wife; and, if the gift is not fraudulents under the act of 1875, (Sess. Acts 1875, p. 61,) it becomes her separate property, and in a suit upon the note, the indebtedness of the husband cannot be used as an off-set against it

*Appeal from Vernon Circuit Court.*—HON. JOHN D. PARKINSON, Judge.

*Scott & Stone* for appellants.

1. Under the pleadings, the ownership of the note is conceded to be in the husband, that being alleged in that part of the answer not stricken out, and not controverted by reply or otherwise. *Bartholow v. Campbell,* 56 Mo. 117. 2. The debt evidenced by the lost note, being a just demand against plaintiff, J. H. Richardson, created before the execution of the note sued on, and having been assigned in good faith, for value, to defendant long before the commencement of this action, should, under the facts alleged in the amended answer, have been allowed as a counter claim. *Burgess v. Cave,* 52 Mo. 43; *Waddingham v. Loker,* 44 Mo. 134; *Dold v. Geiger,* 2 Gratt. 98; Reeve's Domestic Relations, 3d ed. p. 63; *Pawley v. Vogel,* 42 Mo. 291; *Hockaday v. Sallee,* 26 Mo. 219. 3. The act of March 25th 1875, is not applicable to the case. *Cunningham v. Gray,* 20 Mo. 171; *Tally v. Thompson,* Ib. 277.

*G. S. Hoss* for respondent.

A chose in action does not vest absolutely in the husband, and does not become his until reduced to possession. 2 Kent's Com., (10 Ed.) p. 122. There was no evidence of such reduction up to March, 1875, when, by operation of law, it became the separate property of the wife. Sess. Acts of 1875, p. 61. The mere fact that her husband owed a small amount of money is no evidence of fraud; his act ought, at least, to have the effect of delaying his creditors before the law will presume fraud. *Potter v. McDonald,* 31 Mo. 62; *Pawley v. Vogel,* 42 Mo. 291; *Waddingham v. Loker,* 44 Mo. 132; *Reppy v. Reppy,* 46 Mo. 571.

NAPTON, J.—This action was upon a note made November 17th, 1874, by the defendant to Mrs. Richardson, for $225, payable in two years after date. The suit was commenced in April, 1877. The note was credited with $25, paid November 25th, 1876. The answer admits the execution of the note, and that payment was made on it of the $25, but sets up the following defense: "Further answering, defendant says that the plaintiffs ought not to have and maintain their said supposed cause of action in the form alleged against defendant, for defendant says that plaintiff, J. H. Richardson, on the 31st day of October, 1876, became and was, and is now indebted to the defendant in the sum of $148.20, on a debt theretofore owing by said plaintiff, J. H. Richardson, to one Nancy E. Madding, widow and executrix of William Madding, deceased, on account of a note executed in October, 1872, to one John Madding, (as agent of William Madding, deceased,) in lieu of and for moneys theretofore collected by said J. H. Richardson for said William Madding, and appropriated by said Richardson to his own use, and which note so executed by said Richardson was the property of said William Madding, now deceased, and by him lost or destroyed prior to October 31st, 1876, and which debt evidenced by

Richardson v. Lowry.

said lost note (an account of which, and assignment of said lost note is herewith filed) defendant on the 31st day of October, 1876, purchased from said Nancy E. Madding, and she for value received assigned to the defendant, being authorized to do the same; and that on the 20th day of January, 1877, defendant offered with plaintiffs to set off said sum of $148.20 against an equal amount on the note sued on, and to pay the balance of said note in lawful money, and did then tender plaintiffs, as such balance, the sum of forty-five dollars, and he here now again offers, and is willing to allow and set off the said sum of $148.20 as aforesaid, and here again brings into court and tenders to the plaintiffs the said balance of forty-five dollars.

"Defendant says that the consideration for the note sued on was wholly and separately furnished by said J. H. Richardson, being for property belonging to said J. H. Richardson, and from him purchased by defendant, and that said note was at the request and instance of said J. H. Richardson, drawn in favor of his said wife; but defendant says that said note belongs to and is the property of said J. H. Richardson, and that plaintiffs' petition fails to disclose that said Fannie Richardson is in any way the meritorious cause of the action. And defendant says that the said debt assigned to him and which he here offers to set off, was contracted by and the liability had attached to the said J. H. Richardson, before the date and execution of the note sued on." The plaintiff moved to strike out all of this answer contained in the first paragraph and the last sentence in the second paragraph. This motion was sustained, and the defendant refusing further to amend, and a jury being waived, the court found a verdict for the plaintiffs, and the judgment was for plaintiffs.

As this note was not due until November, 1876, the act of March 25th, 1875, protected it from the debts of the husband. It seems to be claimed by the plea in the defense of this action that this act did not protect a note given to the wife, where the consideration moved from the

husband, but this is a misapprehension of the meaning of the act. It declares that " any personal property, including rights of action, belonging to any woman at her marriage or which may have come to her during coverture by gift, bequest or inheritance, &c., shall be and remain her separate property, and under her sole control, and shall not be liable to be taken by any process of law, for the debts of her husband." The gift to a wife may come from the husband, as well as a stranger, and it is not the less protected in the one case than in the other. The fact set up in the answer, therefore, that the note was taken for property purchased by defendant from the husband did not prevent the husband from giving the note to his wife, and taking the note in the name of his wife, was *prima facie* evidence of such gift. There is no allegation in the answer of any fraud in the transaction. The averment in the answer, that the note belonged to the husband, seems to be merely an argumentative assertion, based on the statement immediately following, i. e., " that plaintiffs' petition fails to declare that said Fannie Richardson is in any way the meritorious cause of the action." But if not so intended, and conceded to be a direct assertion, it merely negatives the assertion in the petition, that the note did belong to the wife, and there being no proof on the subject, the court was authorized to find as it did, that the note did belong to the wife. The note itself was *prima facie* evidence on that point. Indeed, the act after declaring that it shall not effect the title of any husband to any personal property reduced to his possession with the express assent of his wife, provides that said personal property shall not be deemed to have been reduced to possession by the husband, by his use, occupancy, care or protection thereof, but the same shall remain her separate property, unless by the terms of said assent in writing, full authority shall have been given by the wife to the husband to sell, encumber or otherwise dispose of the same for his own use and benefit." It may not be necessary in pleading a transfer of this note

of the wife's to her husband, to state that it was in writing, though it would be necessary to prove it, but it is obvious that it was not intended by the defendant, in stating that the husband owned the note, to assert that it had been transferred at all—but simply to state his ownership by reason of the fact that it was given on account of the sale of property which belonged to him. It was certainly strange that the first part of the answer in regard to the proposed offset was stricken out, and the allegation in relation to ownership left in the answer—for if the last had been sufficient, the first, which depended on the last, should have shared the same fate. However, as we think that part of the answer which was not stricken out is bad, and the part stricken out was then of no importance, the judgment will be affirmed.

AFFIRMED.