CAROLINE SEIBOLD ET AL., Appellants, *v.* NICHOLAS CHRISTMAN, Respondent.

### May 27, 1879.

1. Where a husband purchases real estate with his own money and causes the conveyance to be made to his wife, there is no presumption of a resulting trust, but *prima facie* this is a provision for the wife.

2. Evidence of declarations and of acts of the wife is competent to show that the intention of the parties was that the wife should hold for the husband; and the finding of the jury as to the fact is conclusive.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

GOTTSCHALK, for appellant: A resulting trust is created by operation of law. — Browne on Stat. Fr., sect. 89; 2 Sugden on Vend. 702, sect. 13.   And cannot be established in favor of the husband by an oral agreement between him and his wife, the grantee. — Wag. Stats. 655, sect. 3.   "If a purchase be made by a husband in the name of his wife, it will not be considered as an implied trust, but she will be beneficially entitled." — Perry on Tr., sects. 143, 144; Hill on Tr. 98; Story's Eq. Jur., sect. 1203; 2 Madd. Ch. 119; *Glaister* v. *Herver*, 8 Ves. 199; *Johnson* v. *Johnson*, 16 Minn. 512; *Groff* v. *Rohrer*, 25 Md. 327; *Kingdon* v. *Bridges*, 2 Vern. 67; *Guthrie* v. *Gardner*, 19 Wins. —.   And the proof of a *resulting* trust must be clear and unequivocal, and declarations by a deceased party are of the most unsatisfactory kind of evidence, if competent

at all. — *Johnson* v. *Quash*, 46 Mo. 423; *Ringo* v. *Rich-ardson*, 53 Mo. 385; *Kennedy* v. *Kennedy*, 57 Mo. 73; *Sharp* v. *Berry*, 60 Mo. 575; *Childs* v. *Wesleyan Ceme-tery Assn.*, 4 Mo. App. 86.

PETER E. BLAND and C. A. SCHNAAKE, for respondent: "A resulting trust arises wherever an estate is purchased in the name of one person, and the consideration is paid by or comes from another." — Tiff. & Bull. on Tr. 28; 4 Kent's Comm. 306; Hill on Tr. 91; 1 Perry on Tr. (2d ed.), sect. 125; *Rankin* v. *Harper*, 23 Mo. 585; 2 Story's Eq. Jur., sect. 1201, and notes. Any testimony relative to the question of the *intention* with which the transaction was made, and tending to show that it was not made with the intention of making a provision for the wife, is material and relevant to one of the most vital issues made by the plead-ings. — *Persons* v. *Persons*, 25 N. J. Eq. 250, 261; Perry on Tr., sects. 147, 148; *Peer* v. *Peer*, 3 Stockt. 432; *De-voy* v. *Devoy*, 3 Jur. (N. S.) 79; *Stone* v. *Stone*, 3 Jur. (N. S.) 708; *Williams* v. *Williams*, 1 Beav. 370; *Dudley* v. *Bosworth*, 10 Humph. 9, 12, 13.

HAYDEN, J., delivered the opinion of the court.

This is an action of ejectment brought by the children and heirs of Charles Seibold and his wife Johanna to recover a lot of land purchased with the money of the husband, but the deed to which was taken in the name of the wife. It appears that the husband, though earning money, was an improvident man, while his wife saved his money and managed for him. In January, 1871, the deed to the land was taken in the name of the wife, and thus held until she died, in April, 1872, leaving a will by which she attempted to devise the lot to her husband. On May 6, 1872, Charles Seibold, for a valuable consideration, conveyed the lot to the defendant, whose title rests on this deed. Charles Seibold died in the year 1876. No objections being inter-

posed, the case below was tried, under instructions given, by a jury, who found for the defendant.

Though upon the trial parol evidence was introduced to prove the intention of Charles Seibold and his wife, there is here no question of an express trust proved by parol. As the evidence tended to show that the lot was purchased with the money of one person, and the legal title taken in the name of another, there was the usual implication of a resulting trust. Coming more closely to the facts, it appears to be the case of a husband causing the deed to be taken in the name of his wife, and thus the usual presumption of a resulting trust is rebutted, and a *prima facie* case made out that the husband intended the conveyance to be a provision for his wife. This *prima facie* case may, however, in its turn, be rebutted by evidence establishing the fact that it was the intention of the parties that the wife should hold for the husband; and this fact the jury here found.

Such was the character of the evidence introduced, to the admission of which the plaintiffs objected. The defendant offered testimony tending to prove that before and at the time of the making of the deed to her, the wife undertook and agreed to hold the premises in trust for her husband; that the two had a conversation about the intended purchase, during which the wife said that she should at all times treat the premises as those of her husband, as they were to be bought with his money; and that she would, whenever he so desired, convey the land according to his directions. An act of the wife confirming this intention was the making of the will, which availed at least as evidence to show that she understood that she held the property for her husband.

There was ample evidence to sustain the finding of the jury; nor was there any error in the instructions given. The presumption of a provision for the wife was rebutted, and

the ordinary implication of equity prevailed of a trust resulting for the benefit of the person who paid the consideration-money for the land. The evidence was competent, not as creating a trust by parol, but as showing the intention of the parties at the time. *Persons* v. *Persons*, 25 N. J. Eq. 250, 259; *Dudley* v. *Bosworth*, 10 Humph. 9; *Sidmouth* v. *Sidmouth*, 2 Beav. 447; *Williams* v. *Williams*, 32 Beav. 370; Perry on Tr., sect. 147; Story's Eq. Jur., sect. 1202.

That the principal part of the evidence came in the singular form of statements in an affidavit for continuance was the fault of the plaintiffs; nor can they now be heard to complain that the testimony was not sifted upon this important point. Nor is it for the plaintiffs to object to matters which go to the weight of evidence, after the whole case was submitted to a jury without objection on their part. But it is immaterial that the answer does not set forth the correct legal theory of the defence, it being the office of a pleading to set out facts, not law. The necessary facts are pleaded.

The judgment is affirmed. All the judges concur.