Schuster v. Schuster.

---

SCHUSTER v. SCHUSTER, *Appellant.*

1.  **Ejectment**: ANSWER: EQUITABLE DEFENCE: PRACTICE.   Where, in an action of ejectment, the legal title is admitted by both sides to be in the plaintiff, but the defendant sets up an equitable defence, there is but one issue to be tried, which is that presented by the equitable defence, and which the defendant must establish, or fail in his defence.

2.  **Husband and Wife** : SETTLEMENT UPON THE WIFE : RESULTING TRUST.   Where the husband purchases real property with his own means, and causes the same to be conveyed to his wife, a *prima-facie* case is made out that the husband intended the conveyance to be a provision or settlement for the wife, and not a resulting trust, as would arise if no such relation existed.

3. ———: DECREE OF DIVORCE: MARITAL RIGHTS OF GUILTY PARTY. The marital rights of the husband in the lands of the wife, voluntarily conveyed to her by him, are cut off by a decree of divorce in her favor, adjudging him to be the guilty party. (R. S., sec. 2182.)

*Appeal from St. Louis City Circuit Court.* — HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*J. W. Collins* for appellant.

(1) The court below erred in submitting to the jury and trying only one of the two issues raised and presented by the pleadings in the case. The petition states an action of ejectment. The answer sets up a general denial, and also an equitable defence, which raises a resulting trust in favor of defendant, as decided in *Siebold v. Christman,* 75 Mo. 308. The court submitted the equitable issue to the jury, and did not try the legal issue raised by the allegations of the petition, and the first count of the answer. The whole case was improperly tried and decided by the equitable issue, and the verdict and judgment were rendered on it. *Ledbetter v. Ledbetter,* 88 Mo. 60. (2) The verdict of the jury was against the law in this: They rendered an excessive and improper verdict upon the issue submitted by the court to them. They could only find in the affirmative or negative on the issue submitted, and they exceeded their powers when they found in the negative, and then further found a verdict in addition thereto for plaintiff on the entire case. The legal issue not having been tried; the verdict being erroneous and imperfect, the court could not render a judgment or decree on it for damages and costs, against appellant. *Cattell v. Dispatch Pub. Co.,* 88 Mo. 356; *Schweickhardt v. City of St. Louis,* 2 Mo. App. 582; *Davison v. Bond,* 12 Ill. 84; *Barbour v. White,* 37 Ill. 164. (3) It was not neces-

sary for appellant to take exception, or move in arrest of judgment, for the defects and errors set forth in the points above made (although it was done as to the second point). Such defects and errors appear by, and are a part of, the record in the case. The objection being matter of error, and not of exception, will be entertained by this court, even though made here for the first time. The pleadings, verdict, and judgment, are a part of the record. *Pelz v. Eichele*, 62 Mo. 171; *Bateson v. Clark*, 37 Mo. 31. (4) On the pleadings in the case, the court below erred in the instructions given by it to the jury on behalf of plaintiff. The issue submitted to the jury being raised by the equitable facts set up in the answer, and the denial of such facts by the reply, the plaintiff could not avail herself of such equitable facts, to make them constitute a marriage settlement, or provision made in her favor, or for her benefit, without first amending the reply to correspond with the answer and evidence. Instructions should be predicated on the pleadings. The plaintiff could not, by reply, deny the existence of a fact, and then get instructions to disprove the truth of the denial. *Bank v. Armstrong*, 62 Mo. 65; *Budd v. Hoffmeier*, 52 Mo. 303; *Bruce to use v. Simms*, 34 Mo. 246. (5) The court erred in altering the instructions asked by appellant, and thereby telling the jury to consider evidence which the court had stated during the trial should be excluded, and ruled out as irrelevant and incompetent evidence. (6) The court should have given instructions one and two, asked by the appellant, as, under the evidence and pleadings, appellant's estate in the property in controversy was not affected by the divorce obtained by respondent from him; he having, by his own act, and with his own money, created a particular life estate in himself in the property, with a reversionary estate in respondent. Sections 2182 and 2183, of the laws of the state of Missouri, of 1879, in

regard to divorce, do not apply to estates like the present, created by act of the offending party, but only to such as the wife had, at the time of her marriage, or acquired since the marriage, in her own exclusive right, without being subject to an estate in her husband. *Valle v. Obenhause*, 62 Mo. 85 ; Bish. on Mar. & Div.

*Eber Peacock* for respondent.

(1) There was but a single issue presented by the pleadings. The answer of the defendant, while denying that plaintiff was entitled to the possession of the premises, and that the defendant unlawfully withheld the possession from the plaintiff, admitted the making of a title deed to the plaintiff by direction of the defendant, but sought to avoid the legal effect thereof by alleging that the deed was so made under such an understanding between plaintiff and defendant as would create an implied trust in favor of himself. This issue was presented to the jury without objection on the part of the defendant, and he obtained the opening and closing of the case, the court deciding that the burden of proof was on defendant. To establish his plea, the defendant, not only by his answer, but by the testimony of defendant himself, admitted the making of a deed at his instance, by which the title to the land mentioned in the petition was vested in the plaintiff, his then wife, but also established the fact that plaintiff had been divorced from him in June, 1883, and that he, defendant, was in possession of the property sued for. There was, therefore, nothing for the plaintiff to prove. Her allegations, as well by the admissions of the answer as by defendant's own testimony, were sustained, the effect of which he, defendant, sought to overcome by his attempt to show the understanding between himself and wife as to a trust existing, which fact the jury decided against him. The verdict of the jury was conclusive on de-

fendant. *Siebold v. Christman*, 7 Mo. App. 254. And nothing remained, with the rest of the facts admitted and proved, but to find, on the entire case, for plaintiff. *Ledbetter v. Ledbetter*, 83 Mo. 62, 63. (2) There were no objections offered by defendant to any testimony on the trial, but one, and that was sustained by the court, and no exceptions were saved by him, except to the giving of instructions. (3) The deed to the property in dispute having been made to the wife at the instance of her husband, though the property was paid for with his money, is, *prima facie*, a provision for the wife. *Siebold v. Christman*, 7 Mo. App. 254; affirmed, 75 Mo. 308; *Peer v. Peer*, 3 Stock. 345; *Glaister v. Heavey*, 8 Ves. 199; *Johnson v. Johnson*, 16 Minn. 512. (4) The interest of the husband in his wife's property is as completely divested by the decree of divorce as if he had died. *Wood v. Simmons*, 20 Mo. 365; *Gould v. Crow*, 57 Mo. 203, 204; *Highley v. Allen*, 3 Mo. App. 526. (5) As the instructions given fairly presented the case as tried, they were unobjectionable.

BLACK, J.—The petition is in the usual form in actions of ejectment. Ouster is laid on the second of September, 1883. The answer is first, in effect, a general denial. Further answering, the defendant states that, on the sixteenth of February, 1872, he purchased the property and paid, of his own money, fifteen hundred dollars therefor; that, before that date, and to June, 1885, defendant and the plaintiff were husband and wife, at which last-mentioned date she, the plaintiff, procured a decree of divorce; that, at the time of the purchase of the property, it was agreed between them that she should take the title in her own name and hold the same for him, and that the property should be his; that, pursuant to this agreement, the deed was made to her, and that he, defendant, has possessed and occupied the property ever since as his own, with the consent of

the plaintiff, by reason of all which, he says, she holds the title in trust for him. Marriage, divorce, and title in the plaintiff are admitted, but the reply denies the other allegations of the answer. On the trial, the question was submitted to the jury, whether the title to the land was placed in the plaintiff's name, under an agreement with the defendant that the same should be held by her for and on behalf of defendant. To this the jury returned a general verdict for the plaintiff, and the court, accordingly, entered judgment for her for the recovery of the property.

It is objected that the court did not try the issues made by the petition and the first defence, which, we have said, was, in effect, a general denial. The verdict, though in form a verdict on the whole case, was rendered in answer to the question propounded, and is, of course, no more than a finding for plaintiff on that question. Still, there is nothing in the objection. By the very form and character of the pleadings, title is, on both sides, admitted to be in the plaintiff. Defendant must sustain and prove the agreement which he sets up, or fail. The pleadings are so framed as to preclude any other defence. The complete title being alleged by defendant, and admitted by plaintiff, to be in the plaintiff, there was, according to what we said in *Ledbetter v. Ledbetter*, 88 Mo. 60, no other issue to be tried than that presented by the equitable defence, and that presented the single question submitted to the jury.

Plaintiff and the defendant were married in 1864, and this property was purchased in 1872. The defendant built two small houses on it, and they lived in one of them, and raised a family of five children. Since the decree of divorce, he has continued to occupy the property. He says he told his wife he was going to buy the property, and that he would take the title in her name, if she would hold the property for him, so that, if anything happened to him in his business, he would have

something to fall back upon, and that she agreed to the proposition. She says he gave the property to her. The stepmother of plaintiff testified that defendant said, when showing her the property, that it belonged to his wife. Defendant paid for the property with his own means, borrowed money on it, she joining in the deed of trust, and generally treated it as his own. All the circumstances go to show that it was the ordinary case of a married man buying property for a home, and taking the title in the name of his wife; nothing more, nothing less. Where the husband purchases real property with his own means, and causes the same to be conveyed to his wife, a *prima-facie* case is made out that the husband intended the conveyance to be a provision, or settlement, for the wife, and not a resulting trust, as would arise, if no such relation existed. *Siebold v. Chrisman,* 75 Mo. 308; affirming s. c., 7 Mo. App. 254; Perry on Trusts, sec. 143, 147; Pom. Eq. Jur., sec. 1039. The court instructed as to this presumption, but, with that presumption in favor of the plaintiff, left it to the jury to determine, from all the evidence, whether there was any such agreement as that alleged in the answer. Defendant cannot complain of these instructions, for by them he had the benefit of his own acts, as evidence for himself, down to the date of the divorce.

But, reviewing this case as one in equity, we see no reason for disturbing the decree. So far as any marital right of the defendant is concerned, it is cut off by the decree of divorce. Much has been said in the books as to the *status* of the parties in respect of property after the divorce, but our statute disposes of any question that does or can arise in this case. The statute saves to the wife her dower in the husband's lands when the divorce is for the fault of her husband. Section 2198. But, in such case, she is not let into the enjoyment of the property until the actual death of the husband. *Hunt v. Thompson,* 61 Mo. 148. Section 2182 provides:

Gurley v. The Mo. Pac. Ry. Co.

"In all cases of divorce from the bonds of matrimony, the guilty party shall forfeit all rights and claims under and by virtue of the marriage." This section is clear, and meets the case in hand, and, by it, he forfeited whatever marital interest he may have had in the property.

The judgment is affirmed. All concur.