H. G. PITKIN, Administrator of MARY V. MOTT, Deceased, Respondent, v. ANNA L. MOTT, Administratrix of JOHN H. MOTT, Deceased, Appellant.

St. Louis Court of Appeals, February 13, 1894.

1. **Practice, Appellate:** MATTERS OPEN TO REVIEW. When an action at law is tried before the trial court sitting as a jury, and no instructions are asked or given, the judgment will be sustained, if it can be upheld on any theory of law applicable to the pleadings and the evidence.

2. **Husband and Wife:** SEPARATE ESTATE OF LATTER. The proceeds of the sale of land belonging to a married woman are her separate estate, and under our statute can only become the property of her husband by her written consent; accordingly, if they are paid to her husband, he must account therefor to her.

3. ————: ————: GIFT FROM HUSBAND TO WIFE. Property conveyed to the wife, but paid for by the husband, is *prima facie* a gift from him to her; and, when it does not appear that he was indebted at the time or that he intended to defraud his subsequent creditors, the proceeds of such gift will belong to her free from claims on his part or on the part of his creditors.

*Appeal from the Scotland Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

*McKee & Jayne* for appellant.

The record shows that on January 27, 1885, the property out of which the $1,000 in controversy was received by J. H. Mott, was purchased by him with his own means, and the title put in his wife, and further, the property having been deeded to the wife during the coverture, the law presumes that the husband

paid for it. *Payton v. Bragg*, 113 Mo. 505; *Sloan v. Torry*, 78 Mo. 623; *Seitz v. Mitchell*, 94 U. S. 580. Section 6869, Revised Statutes, only applies to property received by the wife during coverture "by gift, bequest or inheritance, or by purchase with her separate means or be due as the wages of her separate labor, or has grown out of any violation of her personal rights." The record shows that she did not receive this property in the manner pointed out by this statute; hence the many decisions, which require her assent in writing to the reduction of her husband, do not apply to this case.

No brief filed for respondent.

BIGGS, J.—This action was commenced during the life time of John H. Mott. After his death, the suit was revived in the name of Anna L. Mott, the administratrix of his estate, who was duly served with process.

The petition contains but one count. It states a cause of action for money had and received, and it also attempts to state one for the conversion of a watch. No objection was made to the petition in the circuit court. The answer of the administratrix is a general denial. The cause was submitted to the court, a jury having been waived. There was a judgment in favor of the plaintiff for five hundred dollars, from which the defendant has appealed.

No instructions were asked or given, and no error intervened during the progress of the trial. Therefore the judgment will have to be affirmed, if it can be done on any theory of law applicable to the pleadings and the facts. *Gentry v. Templeton*, 47 Mo. App. 55; *Jungeman v. Brewing Co.*, 38 Mo. App. 458.

Mary V. Mott, the plaintiff's testate, was the wife

of John H. Mott. In January, 1885, Joseph Rust conveyed to her, for her sole and separate use, a piece of real estate in the city of Memphis, Missouri. On the twelfth of March, 1886, Mrs. Mott and her husband conveyed the property to Samuel F. Chew. Her husband received from Chew $1,000 of the purchase money. On the thirtieth day of the month, Mott and wife left their home in Memphis, and started to California. Mrs. Mott died in California on the twenty-eighth day of the month following. Three or four years afterwards Mott returned to Missouri, and this action was commenced against him to recover the $1,000 and also to recover the sum of $100, the value of a watch which the petition alleged belonged to Mrs. Mott, and which Mott had converted.

In addition to the foregoing facts, which were not disputed, the plaintiff introduced evidence tending to prove that the property was purchased from Rust by Mrs. Mott, and that it was paid for out of money which she had earned in teaching school; that she and her husband made the trip to California for the benefit of her health, and not with the intention to change their domicile.

The evidence for the defense tended to prove that Mott furnished the money to buy the property in the first instance; that they went to California expecting to make it their future home; that, before going, they spoke of negotiating for a home there, and that Mott did in fact live there for two or three years after his wife died.

As the plaintiff's evidence entirely failed to show a conversion of the watch, and as a fair inference from the amount of the recovery is that the court did not consider it in making up its finding, we are authorized in assuming that the recovery was solely for money received by Mott from Chew.

Under the plaintiff's evidence, the court was justi-
fied in finding that the deceased and his wife did not
move to California with the intention to change
their domicile.    It was also justified in the conclusion
that the purchase money paid to Rust belonged to Mrs.
Mott.    The latter fact being true, the money received
from Chew was her separate estate, and the money could
only become the property of her husband by her writ-
ten consent.    *Rodgers v. Bann*, 69 Mo. 560; Revised
Statutes, 1889, sec. 6869.    That Mott received $1,000
of the purchase money from Chew is undisputed,
and there is no pretense that his wife consented in
writing that the money should become his property;
therefore, Mott became in equity the debtor of his wife,
and his estate must answer for the money, unless it is
shown that he refunded it or that he invested it elsewhere
for his wife's benefit.    *Hammons v. Renfroe*, 84 Mo.
332; *Clark v. Clark*, 86 Mo. 114; *Morrison v. Thistle*,
67 Mo. 597; *Tennison v. Tennison*, 46 Mo. 77.

We find a statement in the testimony of the
plaintiff, that there were $500 belonging to his intes-
tate in the hands of a third party.    Whether this
money was a part of the money received by Mott, the
record does not show.    We assume that the court so
found, as the judgment was for only $500.    The defend-
ant attempted to show that Mott bought land in Cali-
fornia for his wife.    The evidence offered on the
subject was incompetent, and had no tendency to prove
the fact.    Therefore, under the evidence and the view
we have taken of the law, the judgment of the court
was fully justified.

But if it be conceded, as the appellant argues, that
Mott paid for the property when purchased from Rust,
yet, as it was not shown that he (Mott) was indebted
at the time, or that he had any intention of defrauding
subsequent creditors, the transaction would constitute

*prima facie* a gift to his wife, and the proceeds of a subsequent sale of the real estate would be held by her free from the claims of her husband or his creditors. *Gilliland v. Gilliland*, 96 Mo. 522. Hence, under this view of the evidence, the judgment can be upheld. The cases relied on by the appellant (*Patton v. Bragg*, 113 Mo. 595; *Sloan v. Torry*, 78 Mo. 623; *Leete v. Bank*, 115 Mo. 184) have no application.

The judgment will be affirmed. All the judges concur.