[Civ. No. 1536.   Second Appellate District.—November 24, 1914.]

LOUISA BRUNNER, Appellant, v. TITLE INSURANCE AND TRUST COMPANY, as Special Administrator of the Estate of Herman Brunner, Deceased, Respondent. TITLE INSURANCE AND TRUST COMPANY, as Special Administrator of the Estate of Herman Brunner, Deceased, Cross-complainant and Respondent, v. LOUISA BRUNNER et al., Cross-defendants and Appellants.

HUSBAND AND WIFE—EARNINGS AND PROFITS OF BUSINESS—HUSBAND'S SEPARATE PROPERTY—LAW OF MISSOURI.—According to the laws of the state of Missouri moneys earned by a husband or acquired as profits of his business, and the proceeds thereof in any form, in the absence of any gift thereof by the husband to the wife, remain his separate property.

ID.—CONVEYANCE OF PROPERTY TO WIFE—PAYMENT BY HUSBAND—REBUTTABLE PRESUMPTION OF GIFT.—It is true that property conveyed to the wife, and paid for by the husband, is *prima facie* a gift from him to her, and the presumption is that such conveyance is made as a provision for and settlement upon the wife for her own benefit and not as a resulting trust for the husband; but this presumption is not conclusive and may be overcome by evidence that the gift to the wife or such provision for her was not so made.

ID.—EVIDENCE—INTENTION OF WIFE TO HOLD PROPERTY FOR HUSBAND—ADMISSIBILITY OF WIFE'S DECLARATIONS—FINDINGS OF JURY CON-

CLUSIVE.—Evidence of declarations and of acts of the wife is competent to show the intention of the parties that the wife should hold the property conveyed to her for her husband; and the finding of the jury as to the fact is conclusive.

ID.—IMPLIED OR RESULTING TRUST—EVIDENCE OF TO BE CLEAR AND DEFINITE—DETERMINATION OF PRIMARILY FOR TRIAL JUDGE.—The evidence of an implied or resulting trust must be clear, strong unequivocal, and so definite and positive as to leave no room for doubt in the mind of the chancellor; but the determination of the fact is primarily for the judge who tried the case.

ID.—DIVORCE—PROPERTY RIGHTS—DETERMINATION OF WEIGHT OF EVIDENCE.—In an action for divorce, involving on one side the claim of the right to a divorce and on the other side claims of property rights by the husband, the court is entitled to consider all of the evidence including that upon the cause of action for divorce, in determining the weight of evidence and the credibility of the parties as witnesses.

ID.—CONFLICTING EVIDENCE—WHEN FINDINGS CONCLUSIVE.—Where there is a substantial conflict in the evidence as to whether or not a gift had been made by the husband to the wife of certain moneys, the finding of the trial court thereon that no such gift had been made will not be disturbed on appeal.

ID.—TRANSFER OF PROPERTY FROM ONE STATE TO ANOTHER—OWNERSHIP DETERMINED BY LAW OF STATE WHERE ACQUIRED.—In such a case, it being established that the husband was the equitable owner of the money and property in question in the state of Missouri at the time it was transferred to the state of California, it retained that character as his separate property in California, it being further shown that in connection with investments in California there was no gift made to the wife of the property purchased in the latter place.

ID.—EVIDENCE—CONVERSATION BETWEEN PARTIES—ADMISSIBILITY OF.— In such a case, where the plaintiff had previously testified to the receipt of moneys as a gift from defendant during the years prior to 1904, and that the property in question was in part the results of investments of that money, there was no error in overruling the objection of the plaintiff to certain testimony concerning conversations of a date prior to 1904 between plaintiff and defendant, about the investment of money in property in the state of Missouri, the objection being based upon the fact that the allegations of the cross-complaint limited to the years 1904, 1905, and 1906 the claim of cross-complainant that he had intrusted the moneys in question to the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. S. E. Crow, Judge presiding.

The facts are stated in the opinion of the court.

Earl Rogers, W. H. Dehm, Watermann, Westover & Green, for Appellants.

H. A. Massey, and Hunsaker & Britt, for Respondent.

CONREY, P. J.—In this action the plaintiff Louisa Brunner, one of the appellants herein, sought to obtain a decree of divorce from the defendant Herman Brunner, and to compel him to provide for the maintenance of plaintiff and the minor children of the marriage. In addition to his defense, Herman Brunner filed a cross-complaint against the plaintiff and their daughter Theresa Brunner (in whose name the plaintiff had placed certain personal property). By his cross-action the plaintiff's husband sought to establish his ownership of real and personal property in California, described in the cross-complaint, which property had been purchased by the plaintiff with sums of money brought by her from the state of Missouri, where these parties formerly resided. Herman Brunner alleged that all of this money was his own separate property, although held in the name of plaintiff. The plaintiff, while admitting that the entire estate was originally in the form of money earned by the defendant or acquired as profits of his business, alleged that all of this money had been received by her in various sums as gifts from the defendant, or was money derived by her from the sale of property which she had purchased with sums of money received by her as gifts from the defendant. The findings of the court were in favor of the defendant on the issues tendered by the complaint, and were also in his favor with respect to the cause of action stated in the cross-complaint.

By the decree as entered it was adjudged that the transfers made by the plaintiff to Theresa Brunner were made without consideration and were fraudulent as against Herman Brunner and were declared to be canceled and annulled; that the plaintiff holds all right, title, interest and possession acquired by her in said property (with certain exceptions not necessary to discuss) in trust for Herman Brunner as his separate property. The usual provision appropriate to such cases was made requiring conveyances and assignments of the property to the cross-complainant.

After entry of the judgment and after appeal therefrom by the plaintiff, and while her motion for a new trial was pending in the superior court, Herman Brunner died and the respondent was appointed special administrator of his estate. The motion for a new trial having been denied, an appeal was taken from the order denying that motion.

Appellant contends that the evidence is insufficient to justify sundry specified findings of fact, and particularly urges that the evidence is insufficient to justify the finding that the moneys received by her from Herman Brunner were not delivered to her as gifts from him. According to the laws of the state of Missouri, where all of the money above mentioned was acquired by the defendant, that money and the proceeds thereof in any form, in the absence of any gift thereof by the husband to the wife, remain his separate property. It is true that "property conveyed to the wife, but paid for by the husband, is *prima facie* a gift from him to her" (*Pitkin* v. *Mott,* 56 Mo. App. 401; *Richardson* v. *Lowry,* 67 Mo. 414); and the presumption is that such conveyance is made as a provision for and settlement upon the wife for her own benefit, and not as a resulting trust for the husband. (*Ilgenfritz* v. *Ilgenfritz,* 116 Mo. 435, [22 S. W. 786].) But this presumption is not conclusive and may be overcome by evidence that the gift to the wife or separate provision for her was not so made. (*Schuster* v. *Schuster,* 93 Mo. 438, [6 S. W. 259].) Evidence of declarations and of acts of the wife is competent to show that the intention of the parties was that the wife should hold for the husband; and the finding of the jury as to the fact is conclusive. It was so held in *Seibold* v. *Christman,* 75 Mo. 308, affirming 7 Mo. App. 254, wherein, at page 256, the court said: "Though upon the trial parol evidence was introduced to prove the intention of Charles Seibold and his wife, there is here no question of an express trust proved by parol. As the evidence tended to show that the lot was purchased with the money of one person, and the legal title taken in the name of another, there was the usual implication of a resulting trust. Coming more closely to the facts, it appears to be the case of a husband causing the deed to be taken in the name of his wife, and thus the usual presumption of a resulting trust is rebutted, and a *prima facie* case made out that the husband intended the conveyance to be a provision for his wife. This *prima*

*facie* case may, however, in its turn, be rebutted by evidence establishing the fact that it was the intention of the parties that the wife should hold for the husband; and this fact the jury here found. . . . There was ample evidence to sustain the finding of the jury; nor was there any error in the instructions given. The presumption of a provision for the wife was rebutted, and the ordinary implication of equity prevailed of a trust resulting for the benefit of the person who paid the consideration-money for the land. The evidence was competent, not as creating a trust by parol, but as showing the intention of the parties at the time. . . . Nor is it for the plaintiffs to object to matters which go to the weight of evidence, after the whole case was submitted to a jury without objection on their part.'' It often has been declared that the evidence of an implied or resulting trust, such as that claimed by the cross-complainant in this case, ''must be clear, strong, unequivocal and so definite and positive as to leave no room for doubt in the mind of the chancellor.'' (*Curd* v. *Brown,* 148 Mo. 82, [49 S. W. 990].) But the determination of the fact is primarily with the judge who tried the case.

''It is clear that there can be no executed gift in the absence of any intention to give on the part of the donor. It is true that the facts and circumstances of a transaction may be such as to practically compel the conclusion that a gift was intended, and to render worthless any subsequent statement to the contrary on the part of the donor. But no such effect, we are satisfied, must necessarily be given to the mere fact that, in the case of the purchase of real property with community funds, the husband has directed that the deed shall run to the wife as grantee. There is nothing in the nature of such a fact that renders it consistent only with the theory of gift, and other facts and circumstances may so tend to show another reason than the desire and intent to make a gift as to furnish ample warrant for a conclusion that no gift was intended, and, therefore, that there has been no 'executed gift.' '' (*Fanning* v. *Green,* 156 Cal. 279, 282, [104 Pac. 308, 310].) And in an action of this character, involving on one side the claimed right to a divorce and on the other side claims of property rights by the husband, the court is entitled to consider all of the evidence, including that upon the cause of action for divorce, in determining the weight of

evidence and the credibility of the parties as witnesses. (*Della* v. *Della,* 98 Ark. 540, [136 S. W. 927].)

In this case it is not necessary to set forth an abstract of the evidence concerning the disposition made from time to time by these parties of money acquired by the husband and held in possession by the wife as bank credits, or held in the form of investments made in her name. This evidence is included in several hundreds of pages of transcript containing the testimony of sundry witnesses. The defendant testified (contrary to plaintiff's testimony) that he did not make a gift of the money to plaintiff, and did not intend any such gift, and that he never stated that he was making or had made any such gift. The circumstances relating to the various transactions were extensively developed by testimony of witnesses and by documentary evidence. That there is a substantial conflict in the evidence cannot successfully be denied. That there is much evidence inconsistent with the theory of a gift of these funds or their proceeds by the husband to the wife, is also clear from the record. We are of opinion that the facts found by the trial court after hearing this conflicting evidence should be accepted by us as the facts in the case and that we would not be justified in disturbing these findings. An appellate court "will not disturb the finding of the trial court where there is substantial evidence warranting a clear and satisfactory conviction to that effect." (*Title Insurance & Trust Co.* v. *Ingersoll,* 158 Cal. 474, 484, [111 Pac. 360, 364].)

It being thus established that the cross-complainant was the equitable owner of the money and property in question in the state of Missouri at the time that it was transferred to the state of California, it retained that character as his separate property in California; it being further shown that in connection with the investments in California there was no gift made to the plaintiff of the property purchased here. (*Estate of Burrows,* 136 Cal. 113, [68 Pac. 488].)

Appellant claims that the court erred in overruling her objections to certain testimony of the witness Hermina White concerning conversations of date prior to 1904 between plaintiff and defendant (who were her mother and father) about the investment of money in property at St. Louis. The objection was based upon the fact that the allegations of the cross-complaint limited to the years 1904, 1905, and 1906 the claim of cross-complainant that he had intrusted these moneys to the

plaintiff. But it appears that the plaintiff had previously testified to the receipt of moneys as gifts from the defendant during years prior to 1904, and that the property here in question was in part the result of investments of that money. On that state of the record the testimony objected to was correctly admitted.

Assuming that the court erred in permitting L. D. White to testify to certain statements made by Mr. Brunner to Mrs. White out of the presence of Mrs. Brunner, and further erred in permitting defendant's counsel to ask leading questions of the witness Sheitlein, we think that the errors so committed are of minor importance in relation to the entire case and do not appreciably affect the merits.

Counsel for appellants present in their brief an argument based upon a supposed appeal from an order made by the superior court vacating and setting aside an earlier order of that court requiring the payment of alimony *pendente lite.* The transcript fails to show any appeal taken from that order, and it is not involved in the appeal from the judgment. For that reason no ruling is made upon the question presented.

The judgment and order denying a motion for a new trial are affirmed.

James, J., and Shaw, J., concurred.