[Civ. No. 1776.   Second Appellate District.—January 3, 1916.]

## GRACE HILBORN, Respondent, v. CARL B. SOALE et al., Appellants.

FRAUDULENT CONVEYANCE—ACTION BY JUDGMENT CREDITOR—INTENT OF PARTIES—DUTY OF COURT.—In an action by a judgment creditor to set aside a conveyance of real property on the ground of fraud, the trial court is required in making up its conclusions to take into consideration all of the circumstances surrounding the transaction and determine from them as to what the intent of the parties really was.

ID.—ACTION TO SET ASIDE DEED—FRAUD—SUFFICIENCY OF EVIDENCE.— In this action by a judgment creditor of a husband to have a deed of real property executed by the husband to his wife declared void as having been made without consideration and for the purpose of preventing the satisfaction of plaintiff's judgment, it is held that the evidence supports the finding that at the time the judgment was obtained the husband held a joint tenant's interest in the property, which he had acquired by gift from his wife, and that therefore there could be no return gift made by him to her which would have the effect of defeating the claims of his creditors.

ID.—PLEADING—CAPACITY OF PLAINTIFF.—In such an action it is not necessary to set out in the complaint the history of the litigation or an abstract of the pleadings of the action in which the judgment was obtained.  The only material thing to show is that plaintiff is a judgment creditor.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge.

The facts are stated in the opinion of the court.

E. J. Fleming, S. L. Carpenter, and Bennett & Cary, for Appellant Carl B. Soale.

Frank L. Muhleman, Jones & Evans, and Earl T. Miller, for Respondent.

JAMES, J.—Plaintiff, a judgment creditor of defendant Wilson H. Soale, instituted this action to have a certain deed and conveyance executed by said defendant to his codefendant declared null and void as having been made without consideration and for the purpose of preventing satisfaction of plaintiff's judgment. The decree was rendered as prayed for and both defendants appealed.

In the year 1908 the appellants purchased certain real property in the county of Los Angeles, for which a consideration of eight thousand dollars was paid, this money, so the evidence showed, being at the time of the investment the separate property of appellant Carl B. Soale, who is the wife of appellant Wilson H. Soale. A contract of purchase was first entered into on the part of these appellants as vendees, in which contract the amount of money mentioned was agreed to be paid as a consideration for the transfer, and the character of deed mentioned in this contract as required to be given was a "grant" deed. Both of these appellants signed the contract of purchase, and when the deed was made out it contained the recital that the grantors did "grant to Carl B. Soale and Wilson H. Soale, her husband, as joint tenants with the right of survivorship," the property of which a description followed. This deed was recorded on the twenty-first day of July, 1908, in the office of the county recorder. On August 6, 1912, judgment was rendered in favor of respondent herein against appellant Wilson H. Soale. On the following day and before this judgment was entered so as to become a lien against real property standing in the name of said appellant, appellant Wilson H. Soale made his deed which purported to transfer to his wife all of his interest in the real property. Respondent, his judgment creditor, upon the entry of her judgment, caused execution to issue and a levy to be made against the

interest of her judgment debtor in the real property, and then
brought this action to have the conveyance of Soale to his wife
set aside.  Appellants in their answer denied that Wilson H.
Soale had any interest in the real property at all, and alleged
that the same had been at all times subsequent to the purchase
thereof the sole and separate property of Carl B. Soale.   This
issue was decided adversely to their claims, and the question is
presented here as to whether the evidence heard was sufficient
to sustain the judgment declared by the court.  On behalf of
respondent it is insisted that there is ample evidence to sup-
port the finding of the trial court that appellant Wilson H.
Soale, at the time respondent obtained her judgment against
him, held a joint tenant's interest in the property, which he
had acquired by gift from his wife.  This contention makes
it necessary that the evidence be examined in detail.   It must
be admitted at the outset that, in so far as the express declara-
tions of appellants are shown to have been given in testimony,
such declarations negative wholly the claim that there was an
intention on the part of the wife to make a gift to her husband
of an interest in the real property.   The trial judge, however,
in making up his conclusions, was required to take into con-
sideration all of the circumstances surrounding the transaction
and determine from them what the intent of the parties
really was.   (*Title Ins. etc. Co.* v. *Ingersoll,* 153 Cal. 1, [94
Pac. 94] ; *Reed* v. *Reed,* 135 Ill. 482, [25 N. E. 1095] ; *Brun-
ner* v. *Title Ins. & Trust Co.,* 26 Cal. App. 35, [145 Pac.
741].)   And if upon this review it may be said that there
was some substantial evidence upon which to found the judg-
ment as entered, such judgment cannot be disturbed.   As be-
fore mentioned, it appeared that both appellants signed the
contract of purchase, and, in so far as their relation to that
contract is concerned, it would appear to an unadvised third
party that they were taking a joint ownership in the property.
The wife testified that she gave no direction as to what form
the deed was to take, and the husband, when asked regarding
any direction which he gave affecting that matter, was stopped
by an objection from his counsel, and this objection was sus-
tained by the court.   At any rate, it did appear that in the
following year, about April, the wife, so she testified, learned
of the condition of the deed as to its form and knew that it
made her husband the joint tenant in the property with her-
self.   When asked whether, if plaintiff had not obtained a

judgment against her husband, she would have required any
change to be made in the deed, she expressed uncertainty and
left her testimony as to that particular, subject to a fair infer-
ence to be drawn by the court that she would not have re-
quired any change to be made.    At any rate, she testified that
when her husband told her of the fact that judgment had been
obtained against him by this respondent, she requested him to
make the deed to her, which he did immediately.    It fairly ap-
peared, also, that the appellants kept their bank account in a
form so that it could be drawn upon by either party.    We
have, then, it shown in proof that the appellants jointly en-
gaged to purchase the real estate mentioned in the pleadings
and that they received a deed by which their interests were
declared to be joint, with right of survivorship.    As to who
gave the direction to have the deed made in this somewhat
unusual form, seems immaterial, because the wife, when she
learned that it had been so made, raised no objection to it
until three years had elapsed, and at the trial fairly intimated
that she never would have objected to it had it not been that
judgment was obtained against the husband.    If she had
determined to leave title to the property in such a form as
that the husband upon her death should secure her interest in
it, then we think a gift of the joint interest was effectuated
beyond her power to afterward, and after a creditor had
reduced a claim against her husband to judgment, recall.
If the gift had become effectual, then there could be no return
gift made by the husband which would have the effect of de-
feating the claims of his creditors.    Taking all of the facts
and circumstances shown in evidence, we think that it must
be said that the judgment finds some support in proof and that
it should be affirmed.

In respondent's complaint filed in this action she alleged
as preliminary matter the entire history of the transac-
tion upon which she obtained her judgment, which included a
recitation of fraudulent acts committed by the appellant Wil-
son H. Soale.    A motion to strike out these matters was made
and denied and a bill of exceptions prepared to cover that
ruling.    Of course, the material thing to be shown by the
respondent, the plaintiff, was that she occupied the relation of
a judgment creditor.    It was not necessary to set out the his-
tory of the litigation or an abstract of the pleadings of the
action in which the judgment was obtained.    Nevertheless, as

respondent suggests, the introduction of the judgment-roll on making proof of the judgment would have shown in substance the same matters which it was sought to have stricken out of her complaint in this action. The fact that appellants admitted the entry of judgment does not render any technical error of the court made by the ruling on the motion prejudicial.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 2, 1916.