GOTCHER *et al.*, *Appellants*, v. HAEFNER *et al.*

----

DIVISION TWO.

----

1. **Equitable Relief:** TITLE TO NOTES. The evidence in this case examined and *held* to support the finding of the chancellor that plaintiffs (husband and wife) were not entitled to have certain notes declared the separate property of the wife, nor to have judgment for the amount of the notes against defendants to whom plaintiffs indorsed them, nor to other equitable relief.

2. **Practice:** EQUITABLE RELIEF: ACTION AT LAW. The owners of notes which are wrongfully sold and the proceeds converted to the use of the wrongdoers can maintain an action at law against the latter, and in the absence of proof of the insolvency of the wrongdoers such owners have no standing in a court of equity.

3. ———: ACTION BY WIFE. A wife can maintain an action in her own name to recover her statutory separate property.

4. ———: ———: REPLEVIN. A wife whose husband indorses her name upon her notes without her authority can maintain an action of replevin to recover the possession against one who acquired them with notice of such want of authority.

*Appeal from Jackson Circuit Court.*—Hon. J. H. Slover, Judge.

AFFIRMED.

*Henry N. Ess* for appellants.

(1) The notes were made to Mrs. Gotcher for her land. They were her separate property, and her husband had no power or authority over them unless conferred in writing. R. S. 1879, secs. 3295, 3296. (2) Defendants claim title by an indorsement of the wife's notes by the husband. To establish the husband's agency for the wife, the evidence must be clear and satisfactory. There is no evidence of the husband's authority. *Eystra v. Capelle*, 61 Mo. 578; *Mead v. Spalding*, 94 Mo. 43; *Rodgers v. Bank*, 69 Mo. 560; *Smith v. Worden*, 86 Mo. 382; *Mill Co. v. Brundage*, 25 Mo. App. 268. Gotcher's representations about these notes do not bind Mrs. Gotcher. It is not claimed they were part of the *res gestæ*, as made by him as agent for his wife, and Romain's testimony is denied by that of Gotcher. *Henry v. Sneed*, 99 Mo. 407. The land was the general property of Mrs. Gotcher. *Hall v. Callaghan*, 66 Mo. 316. But the notes taken in her own name were choses in action accruing to the wife during coverture and are her separate property. *Richardson v. Lowery*, 67 Mo. 411. The contract was misread to the parties.

There can be no ratification without full knowledge, and to be available it must be pleaded. *Freneau v. Whitford*, 39 Mo. App. 311, and cases cited ; especially, *Noble v. Blount*, 77 Mo. 235.

*L. H. Waters* for respondents.

(1) *First.* The burden of showing the fraud charged was on plaintiffs ; and the court below having an opportunity of observing the manner and demeanor of the witnesses in connection with their testimony found for defendants and dismissed plaintiffs' petition. The supreme court will concur in the finding of the court below unless there is some cogent reason to depart from its usual rule in that regard. *Hodges v. Black*, 76 Mo. 537 ; *Chapman v. McIlwrath*, 77 Mo. 43 ; *Chouteau v. Allen*, 70 Mo. 290 ; *Gill v. Ferris*, 82 Mo. 168 ; *Mathias v. O'Neil*, 94 Mo. 520. *Second.* While the evidence was conflicting in this case as to what took place at the time the contract was executed, on the whole evidence it is apparent that plaintiffs' theory as to the "misreading" of that instrument was an "invention" of Bowring, and dates from Jackson's refusal to divide "the surplus" with him. (2) If the contract is valid, then Jackson, Bartels & Co. were entitled to the notes in question, and it is immaterial whether they were the "separate estate" of Mrs. Gotcher, or whether Gotcher was her agent. (3) The plaintiffs had adequate remedy at law. *First.* This suit is not to reform the contract, but was brought to get the notes which it is claimed were wrongfully retained by Jackson, Bartels & Co., and by them wrongfully sold to defendant Romain, or to have judgment for their value. There is no allegation that any of the defendants are insolvent. Plaintiffs failed to show that they were entitled to equitable relief, and their petition was properly dismissed for that reason. Remedy at law was pleaded. *Humphreys v. Milling Co.*, 98 Mo. 542 ; *Rutherford v. Williams*, 42 Mo. 18 ; *Lewis v.*

Cochs, 23 Wall. 466. Second. If Jackson, Bartels & Co. converted to their own use any notes belonging to plaintiffs, an action at law could have been maintained therefor. Third. If the indorsement and delivery of the notes passed no title to Romain, then plaintiffs had their action to recover of him those notes or their value. (4) Defendant Romain purchased the notes in question before they were due, for a valuable consideration and without notice of plaintiffs' pretended claim thereto, and under their petition plaintiffs were entitled to no decree as to him. (5) It is immaterial whether the notes in question were Mrs. Gotcher's separate property. No attempt was made by the husband to reduce them to his possession. As the wife's agent, he indorsed and delivered them for the wife in pursuance of her contract.

THOMAS, J.—This record shows that in January, 1887, Elizabeth Gotcher, the wife of her coplaintiff, Thomas Gotcher, owned ninety-five acres of land in the Missouri bottom in Clay county; that she and her husband employed Jackson & Bartels, real-estate agents doing business in Kansas City, to sell this land for them for a sum not less than $10,000 and for as much more as they could get; Jackson & Bartels to get $300 only, as commissions for making the sales as claimed by plaintiffs; that a written agreement was drawn up by defendant Jackson, which was to evidence the contract between plaintiffs and Jackson & Bartels, which plaintiffs signed. This written contract provided that Jackson and Bartels were to get $300, and, in addition thereto all over $10,000 the land was sold for as their commissions for effecting the sale.

Plaintiffs claim that defendant Jackson obtained their signatures to this contract by fraudulently reading it to them, and omitting to read that stipulation in it in regard to Jackson & Bartels being entitled to all the land sold for over $10,000, and by fraudulently stating

that the contract as written provided for the payment of $300 only as commissions. This contract was entered into the tenth day of January, 1887. On the fourteenth of March, following, defendants, Jackson & Bartels, sold the land to defendants, Haefner & Houser, for $13,500, and a deed was executed by plaintiffs to them, which, at the request of Haefner & Houser, recited a consideration of $15,000. This deed was delivered to the purchasers, who paid to Jackson & Bartels $5,000 in cash and gave their notes for $8,500 in installments as follows: One note for $2,500 ; and one note for $2,000, payable in one year ; and one note for $2,500 ; and one note for $1,500, payable in two years. These notes were drawn in favor of Elizabeth Gotcher, and went into the hands of Jackson & Bartels. Jackson & Bartels took out $300 for their commissions and paid $4,700, the balance of the cash payment, to Thomas Gotcher. They also delivered to Thomas Gotcher the two notes, for $2,500 each, and also the deed of trust that was given to secure the deferred payments.

Jackson had Thomas Gotcher to write across the back of the notes for $2,000 and $1,500 these words, "Elizabeth Gotcher without recourse." Thomas Gotcher says he did not know the effect of this act of his, and he wrote his wife's name on the notes, because Jackson told him it was all right. Mrs. Gotcher says she never authorized her husband to indorse these notes for her. Jackson claims that he wanted Thomas Gotcher to take the notes and have his wife indorse them to them, as the part he and Bartels were to get under the contract ; but Gotcher replied that it was no use, for she could not write, and would have to sign her name by mark, and that he could indorse her name on the back of the notes. Thomas Gotcher took the two notes of $2,500 and the deed of trust, leaving the two notes of $2,000 and $1,500 in Jackson's possession. In six or eight weeks it was discovered that a mistake had been made in the description of the land in the deed, and Haefner

paid Mrs. Gotcher $100 to make, and she and her husband did make, a deed of correction. This $100 was paid on Mrs. Gotcher's demand. About the first day of May, 1887, Jackson & Bartels sold the notes of $2,000 and $1,500 to defendant Romain for $3,000. Plaintiffs claim that they did not know till about June, 1887, that the land had been sold for $13,500; but up to that time believed it had been sold for only $10,000, not having read the deed they executed to Haefner & Houser reciting a consideration of $15,000.

On the foregoing facts plaintiffs seek, by this equitable proceeding, to have the two notes of $2,000 and $1,500 declared the separate property of Mrs. Gotcher, to require Romain to turn over to Mrs. Gotcher these two notes, or if the court adjudged it inequitable to compel Romain to do so, that plaintiffs have judgment against Jackson & Bartels for $3,500, with interest, and that Haefner & Houser be enjoined from payment except to plaintiffs.

The circuit court of Jackson county, upon trial had, rendered judgment for defendants, and plaintiffs have appealed to this court.

I. The finding of the circuit court is supported by the evidence. Plaintiffs manifested too much carelessness in the transaction of such important business, if they are to be credited. They first permitted Jackson to deceive them as to the contents of the written contract. They executed and acknowledged a deed reciting a consideration of $15,000, supposing, as they say, that the consideration was $10,000 only, and in six weeks they executed and acknowledged a deed to correct a mistake in the original deed, and still they did not discover the deed as corrected also recited a consideration of $15,000. They knew $5,000 was paid in cash. They had in their possession two notes aggregating $5,000, and they also had in their possession a deed of trust securing the payment of $8,500. It is a little remarkable that they made no inquiry as to what had

become of the two notes which they did not have in their possession.

Besides this the defendants introduced in evidence another written contract signed by Thomas Gotcher, dated August 30, 1886, authorizing H. T. Ham & Co. to sell this land for not less than $100 per acre, for which Ham & Co. were to receive all over $100 per acre the land sold for, for their commissions. This contract gave Ham & Co. till January 1, 1887, to effect a sale. Thomas Gotcher testified that he, as agent of his wife, put this property in the hands of Ham & Co. for sale. By the terms of this contract plaintiffs would have realized $9,500 only, while by the contract of January 10, 1887, they realized $9,700. The contract of January 10 was executed ten days after the expiration of the Ham & Co. contract, and the former was more favorable to plaintiffs than the latter. There was a conflict of evidence as to whether plaintiffs were deceived and misled by Jackson as to the contents of the contract of January 10, or not; but taking the testimony of the witnesses as to what was said and done at the time of the execution of the contract, and the circumstances and the conduct of the parties, both prior and subsequent to the transaction, the chancellor was well warranted in finding that plaintiffs were not deceived and misled as they claim. Indeed it seems to us the decided preponderance of the evidence is in favor of defendants on this issue.

II. But the judgment must be affirmed on another ground. Plaintiffs have no standing in a court of equity. There being no allegation or proof of the insolvency of Jackson & Bartels, plaintiffs' remedy at law against them is ample and complete, if the notes of $2,000 and $1,500 belonged to plaintiffs, and were wrongfully sold to Romain and the proceeds converted by Jackson & Bartels to their own use. A wife can maintain an action in her own name to recover her statutory separate property. R. S. 1889, sec. 6869. Or if Thomas

Gotcher indorsed his wife's name on these notes without her authority, and Romain had notice of this want of authority, then Mrs. Gotcher could have maintained an action of replevin against him for the possession of the notes. Sec. 6869, *supra;* Cobbey on Replevin, secs. 69, 76, 900, and cases cited. Judgment affirmed. All concur.