HATTIE E. SMITH *vs.* WARREN E. SMITH.

PROVIDENCE—JUNE 1, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast. JJ.

A married woman may maintain against her husband an action of trover for the conversion by him of her personal estate.

The policy of the statute is to give to married women the entire control of their own property, and to place them in that respect on the same footing as single women.

TROVER by a wife against her husband for his conversion of her personal estate. Heard on defendant's petition for a new trial.

MATTESON, C. J. This is an action of trover for the conversion of certain articles of household furniture and other goods, brought by the plaintiff, a married woman, against her husband. At the trial in the Common Pleas Division a verdict was rendered in favor of the plaintiff. The case is now before us on the defendant's petition for a new trial, alleging that the court erred in its refusal to instruct the jury that the plaintiff could not maintain the action because at the time of the alleged taking of the goods she was the defendant's wife, to which refusal exception was duly taken. The other ground of the petition was not insisted on at the hearing.

An examination of Gen. Laws R. I. cap. 194, "Of the Property Rights of Married Women," and Pub. Laws R. I. cap. 335 in amendment of cap. 194, shows that the policy of the statute is to give to married women the entire control of their own property, free from any control or interference of their husbands, and to place them in that respect on the same footing as single women in the management of their property. Cap. 194, § 16, provides that "In all actions, suits and proceedings, whether at law or in equity, by or against a married woman, she shall sue and be sued alone." We see no reason, therefore, why a married woman might not maintain an action against her husband for the conver-

sion of her property as well as against another person for a like conversion.   Our opinion is that the Common Pleas Division did not err in its refusal to instruct the jury in accordance with the defendant's request.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Jacob W. Mathewson,* for plaintiff.

*Franklin P. Owen,* for defendant.