WOODWARD v. WOODWARD et al., Appellants.

·Division Two, February 21, 1899.

1. **Actions:** REMEDY IN EQUITY: SUBSEQUENT RIGHT AT LAW.    Where a remedy exists in equity a subsequent grant by statute of a remedy at law will not oust a court of equity of its jurisdiction unless the remedy is extinguished by a direct and positive inhibition.

2. ——: ——: ——: SUIT BY WIFE OF HUSBAND.    Section 6869, Revised Statutes 1889, in no manner restricts or deprives a married woman of any right she had in equity to sue her husband, or of any other remedy she possessed before its enactment.

3. ——: ——: ——: ——: SUIT FOR LANDS.    So that a married woman can sue her husband in equity to enjoin him from using or exercising control over her lands, and to put her in possession thereof, and she is not compelled to bring ejectment or unlawful detainer to recover them.

4. **Conveyances:** DEED TO WIFE: PART PAYMENT BY HUSBAND.    Where a wife pays $500 of her own money for land, and the deed is made to her, and her husband joins her in a note for $295, the balance of the purchase price, the presumption that the making of the deed to her as the sole owner was intended as a provision for and settlement upon her, is not overcome by the fact that he afterwards paid $241.75 on the note.    Nor can he claim compensation for improving the land under such circumstances.

5. **Curtesy:** WIFE'S SEPARATE EQUITABLE ESTATE.    The husband is entitled to curtesy in his wife's separate equitable estate, of which she died seized, although limited to her separate use.    But even his right to curtesy after her death may be cut off by a clearly expressed intention in the will or deed creating the separate estate.

VOL. 148 mo—16

6. **Curtesy Initiate**: WIFE'S ESTATE OF INHERITANCE: STATUTE. Since the enactment of the Married Woman's Act (section 6869, R. S. 1889), the husband can not claim the possession, profits and control of his wife's lands during coverture. This is the law, although the estate be one of inheritance and he may claim his curtesy initiate on the ground that there are minor children born of the marriage.

7. **Married Women**: SEPARATE ESTATE. A wife's right to the possession, income, use and control of her separate estate, during coverture, is not dependent on her living with her husband. It is hers, absolutely, whether she is faithful or unfaithful to her marital obligations.

*Appeal from Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

H. E. HOWELL for appellants.

(1) A wife is bound to follow the fortunes of her husband and to live where he chooses to live, and in the style which he may adopt until death part. Messenger v. Messenger, 56 Mo. 329; Kaster v. Kaster, 43 Mo. App. 118; Thompson on Homesteads (1 Ed.), sec. 74; Schouler v. Dom. Rel. 293. (2) Injunction will not lie. R. S. 1889, sec. 5510. Injunction will not lie to restrain a trespasser unless he is insolvent or the injury is irreparable. James v. Dixon, 20 Mo. 79. It must permanently impair the enjoyment of property in future. Echelkamp v. Schraider, 45 Mo. 505; Weigel v. Walsh, 45 Mo. 560. Relief in equity by injunction can only be granted when there is plain danger. Railroad v. Schneider, 30 Mo. App. 620. As to defendant, Thompson, he was doing nothing but trying to raise a crop of corn for himself and his landlord. (3) The land was purchased with their joint means and therefore they have interests in the land according to the investment of each therein and she can not in equity take from him the possession of the whole land. Baggs v. Baggs, 55 Ga. 590. (4) The husband is entitled to an estate for his own life and in his own right as tenant by curtesy initiate. 1 Bright on Husb. and Wife, pp. 112 and 126.

After issue born alive capable of inheriting, he is seized of a separate freehold estate for his life in his own right in wife's estate of inheritance, and during his life he may sue in his own name for any injury to the usufruct.    Kelley's Contracts of Married Women, p. 88; 1 Wash. on Real Prop. (3 Ed.), secs. 49 and 51; Clay v. Mayr, 144 Mo. 376; Acts 1895, p. 35; Dyer v. Wittler, 89 Mo. 81; Meriwether v. Howe, 48 Mo. App. 154; R. S. 1889, secs. 2396, 6865 and 7132; Brown v. Dressler, 125 Mo. 589.    (5)   Even if the court should believe that curtesy is destroyed by section 6869, yet that section does not apply to this case, for that section only reaches real estate purchased with her  separate  money  or means, that is wholly so purchased.

G. A. WATSON and GEORGE PEPPERDINE for respondent

(1)   This land came to her by purchase with her separate money, during coverture, and is her separat erty and under her sole control.   R. S. 1889, sec. genfritz v. Ilgenfritz, 49 Mo. App. 137.   (2)   N statute nor any other gives the wife the right band at law.   Ilgenfritz v. Ilgenfritz, 49 M she can not sue her husband for possess some recourse; and must resort to a cc junction is the proper and only re relief and its application to such fritz v. Ilgenfritz, 49 Mo. would have been the wife's, with his own money and settled rule in this State have intended it as a pr for her benefit, and not fritz v. Ilgenfritz, 1 438; Seibold v. Chr Mo. 412; Kinzey v.

GANTT, P. J.—The plaintiff is the wife of the defendant James Woodward. They were married in June, 1889.

At the time of her marriage, she had about $1,000 which she had inherited from her father.

At the solicitation of her husband, she invested $500 of this money in January, 1891, in a tract of land containing eighteen acres, in Greene county.

For a balance of $295 she executed her note in which her husband joined her. On this note the defendant, her husband, has paid $241.75, out of his own means and earnings. The tract adjoined a small farm of twenty acres owned by the husband, and after the purchase he cultivated and used it in common with his own land. He also set out an apple orchard on it.

In 1895 plaintiff sued defendant Woodward, for a di- and was defeated in the action. Since then she has part from her husband and supported herself and two orn of this marriage.

son, the other defendant, is a tenant of defend- in charge of the whole thirty-eight acres. lling house on the eighteen acres in which with her children. In her petition she ts and that her husband collected all land for 1895, and is assuming tract; that she has never author- id tenant is cultivating and intiff's consent, and against to pay the rents to plain- ofits are her sole reliance n. That she is without hat James Woodward s and profits by him th defendants, their nd restrained from

using or exercising control over plaintiff's said land, and that plaintiff be put in possession and control of the same.

Defendant in his answer somewhat amplified the foregoing facts, and relied upon the fact that plaintiff had left him without just cause, had sued him for divorce, and failed to obtain it; that he afterwards invited plaintiff to return to his home but she refused to do so, wherefore he says she has no equity and put herself in a position that a court of equity will not aid her. The circuit court granted a perpetual injunction restraining defendants from interfering with plaintiff in the use and control of said tract.

Defendants appeal and assign numerous errors.

I. The mode of procedure is challenged. It is urged that plaintiff's remedy is at law, by unlawful detainer or ejectment.

That a wife may resort to a court of chancery in a suit against her husband, to protect her separate estate there can be no doubt. [Walter v. Walter, 48 Mo. 140; Story's Eq. Pl., sec. 61; Sackman v. Sackman, 143 Mo. 576.] But it is assumed by counsel that section 6869 creates a legal estate in the wife, and that she should sue her husband at law for a conversion of her estate, or where, as in this case, it is land, she should bring ejectment or unlawful detainer. While the act is very broad and comprehensive as to the wife's property rights, it will be observed that it does not in express terms at least authorize her to sue her husband at law.

In Ilgenfritz v. Ilgenfritz, 49 Mo. App. 127, it was ruled that the statute did not abrogate the common law rule that a wife could not sue her husband at law, as has been held by this court in Walter v. Walter, 48 Mo. 140; Rieper v. Rieper, 79 Mo. 352.

But conceding that the statute has conferred upon the wife the right to sue her husband directly at law, it by no means follows that she may not still sue in equity as she could prior to the enactment of the statute.

It is a most familiar rule that when a remedy exists in equity a subsequent grant of a remedy at law, will not oust a court of equity of its jurisdiction unless the remedy is extinguished by a direct and positive prohibitory provision in the statute. [1 Story's Eq. Jur., secs. 64 and 80; Stewart v. Caldwell, 54 Mo. 536.]    Section 6869 in no manner restricts or deprives a married woman of any remedy which she possessed before its enactment, and we hold the action is properly brought on the chancery side of the court.    [Ilgenfritz v. Ilgenfritz, 116 Mo. 429.]

Defendant admits that his wife's separate estate to the amount of $500 was employed in paying the cash payment for the land, and that she signed the note for the balance of $295 and the deed was made to her—but insists that because he paid $240 out of his earnings, and labor, that she is not the sole owner.    In the absence of proof to the contrary, the making of the deed to plaintiff in her own name raises a strong presumption that it was intended as a provision for and settlement upon the wife for her own benefit, and not as a resulting trust for the husband.    [Ilgenfritz v. Ilgenfritz, 116 Mo. 429; 2 Pom. Eq. (2 Ed.), sec. 1039; Schuster v. Schuster, 93 Mo. 438; Seibold v. Christman, 75 Mo. 308.]

When in addition to this presumption the fact is conceded that the bulk of the purchase money was paid out of her separate estate, and she gave her own obligation for the balance, the presumption would be almost conclusive.    It certainly is not rebutted by the fact that the husband paid out of his earnings on this tract and his own the $240 of the purchase money.    Nor can he claim compensation for improving the land under such circumstances.    [Boynton v. Miller, 144 Mo. 681; 2 Bish. Mar. Women, sec. 300; 14 Am. and Eng. Ency. Law, 579 et seq.]

The trial court found against the claim that there was any agreement that the husband was to have any interest in

the lands by reason of his paying part of the purchase money, and we think the evidence supports his finding.

This tract being then under the existing law the separate estate of the wife, "with all income, increase and profits thereof," and "under her sole control," a third proposition is advanced by the husband and it is this:   He insists that as the wife is seized of an estate of inheritance and there are two children born of the marriage, and still living and capable of inheriting the land upon their mother's death, he has an estate by the curtesy initiate and waiving all other questions this entitles him to the possession of the land.

That such is the common law and the law of this State with respect to the ordinary legal estate of the wife, unless modified or changed by this statute, admits of no discussion. [1 Wash. on Real Prop. (5 Ed.), p. 188; Clay v. Mayr, 144 Mo. 376.]

It is also well settled law in Missouri that a husband is entitled to curtesy in the equitable separate estate of the wife, of which she died seized, although limited to her separate use.   [Alexander v. Warrance, 17 Mo. 228; Tremmel v. Kleiboldt, 75 Mo. 255; Soltan v. Soltan, 93 Mo. 307.]

While the statement is general that the husband, all the requisites concurring, is entitled to curtesy in his wife's separate estate, an examination of the decided cases, as well as sound reason, will demonstrate that it does not and can not mean that "curtesy initiate" in such a case will entitle him to the rents and profits of his wife's separate estate during coverture and thus nullify the provisions of the trust itself, but the statement goes no farther than to assert that he is entitled to his estate by the curtesy after her death, and even this right may be cut off by a clearly expressed intention in the will or deed creating the separate estate.   [4 Am. and Eng. Ency. Law, p. 965; 1 Wash. Real Prop. (5 Ed.) 176-177; 4 Kent Com. 31, 32; Carter v. Dale, Ross & Co., 3 Lea, 710.]

With this understanding of the law as it existed in this

State prior to the adoption of the Married Woman's Act of 1889, section 6869, Revised Statutes 1889, we inquire what was the purpose of the legislature, with regard to a married woman's estate acquired as plaintiff's was by purchase. It is obvious that the estate of his wife should be her separate estate, and second, that the income, increase and profits thereof, should be hers and under her sole control.

If we are not by judicial construction to emasculate and nullify this plain statute it unquestionably means that the wife alone has the right to the rents, issues and products of her land, and her husband has no right to interfere with or withhold them.

This construction does not necessarily conflict with the right of curtesy, further than it does in separate equitable estates in simply denying the husband the possession and profits during coverture, but it does conflict with the right of a tenant by the curtesy initiate to that extent.

The remaining contention that the wife's right to her separate estate is dependent upon her living with her husband, finds no countenance in the statute. No such condition is attached to her title. It is hers absolutely, whether she be faithful or unfaithful to her marital obligations.

The circuit court very properly overruled these various defenses, and entered a perpetual injunction against the husband and his tenant. There was no misjoinder in the petition. The decree is affirmed.

SHERWOOD and BURGESS, JJ., concur.