JAMES M. BEAGLES, Respondent, v. MARY B. BEAGLES, Appellant.

St. Louis Court of Appeals, May 27, 1902.

1. **Husband and Wife: REPLEVIN.** A husband separated from his wife, brought replevin against her for household goods in her possession, and obtained them on an order of delivery in usual form. The petition made no allusion to their marital relation; her answer set it up, asserted her ownership of the property, and demanded its return. Plaintiff then dismissed the case, and the trial court declined to render judgment for the wife for the return of the property or its value. It is held that defendant is entitled to a judgment against the plaintiff for the return of the property, etc., as though the parties were not husband and wife.

2. ———: ———: MARRIED WOMAN ENTITLED TO JUDGMENT AGAINST HUSBAND. A married woman as defendant at the suit of a stranger may have the usual judgment in replevin, just as she may maintain an action in her own name to recover her separate statutory property against a stranger. A married woman sued by her husband in replevin is entitled to a statutory judgment, in the same circumstances as any other suitor.

3. **Married Woman's Separate Estate is a Legal Estate: JUDGMENT FOR POSSESSION OF PERSONAL PROPERTY.** The statutory estate vested in a married woman by the laws of Missouri is a legal estate, and when her right to the possession of personal property is invaded as described in the first headnote above, she may have a judgment in replevin against her husband, as against any other person in like circumstances.

4. ———: ———: LAWS REVIEWED. The laws protecting the separate property of married women and giving them the right to sue as if *sole* are reviewed by the court. They are held to be enabling or remedial acts, to be fairly construed so as to accomplish the purpose of their enactment.

5. **Replevin: FAILURE OF PLAINTIFF TO PROSECUTE SUIT: PRACTICE, TRIAL.** When plaintiff in replevin fails to prosecute the action with effect and has the property, and defendant by

answer demands its return, defendant is entitled to judgment against plaintiff and his surety for the property or its value, together with damages and costs.

6. **Party to Suit, When Estopped.** A party to a suit is estopped from repudiating the position he takes as a litigant. This rule is held to apply both to husband and wife (as to her separate property) in their litigation with each other, and with strangers.

7. **Cases Distinguished.** The court distinguished the case at bar from Ilgenfritz v. Ilgenfritz, 49 Mo. App. (K. C.) 127.

Appeal from Audrain Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

REVERSED AND REMANDED.

*P. H. Cullen* for appellant.

(1) When plaintiff in replevin, having obtained possession of the property, dismisses his suit, the defendant is entitled to a judgment for the return of the property or the payment of its value. The command of the statute is imperative. R. S. 1899, sec. 4474; Callius v. Hough, 26 Mo. 149; Rhoades v. McNultz, 52 Mo. App. 301; Rosentretter v. Brady, 63 Mo. App. 398. (2) The code of procedure having abolished the distinction between law and equity, it is immaterial whether the form of action between husband and wife be at law or in equity. The answer in this case states facts sufficient to warrant relief in equity, and in order that injustice might be avoided it was the duty of the court to afford relief without regard to the name given to the action. Wright v. Wright, 54 N. Y. 437; Munday v. Collier, 52 Ark. 126; Gillespie v. Gillespie, 67 N. W. 206; Whitney v. Whitney, 49 Barb. (N. Y.) 319; Le Blanc v. Dubroca, 6 La. Ann. 360; Kelly v. Hurt, 74 Mo. 562; Bank v. Woeston, 68 Mo. App. 140; McFarland v. Railroad, 125 Mo. 275; Martin v. Turnbough, 153 Mo. 184.

*Fry & Clay* for respondent.

(1) This proceeding on the bond to assess the value of the property and damages was a new suit, a new action by the defendant (wife) against the plaintiff (husband), to recover the specific property or the value thereof and damages.   The wife became the plaintiff and must prove her case against the husband; the judgment would be a money judgment against the husband; it is therefore an action at law by the wife against the husband, which can not be maintained. Ilgenfritz v. Ilgenfritz, 49 Mo. App. 127; Goldsmith v. Taussig, 60 Mo. App. 460; Woodward v. Id., 148 Mo. 241.   (2) But if it was her separate property, and plaintiff has deprived her of the exclusive possession of the same, she has an ample remedy in equity which is her sole forum.   Ilgenfritz v. Id., 49 Mo. App. 127; Sackman v. Id., 143 Mo. 576; Woodward v. Id., 148 Mo. 241; McBreen v. Id., 154 Mo. 328.

BARCLAY, J.—Plaintiff and defendant are husband and wife.   They were living apart, pending a suit for divorce between them, at the time this case began. These facts appear in the record but not in the petition.

June 20, 1899, the husband commenced this action in the nature of replevin against the defendant, his wife, for certain personal property specified in his verified petition.   The property includes a lot of household articles such as lace curtains, beds and bedding, carpets, chairs, knives, forks and spoons, stoves and some miscellaneous items of personalty which need not be enumerated.   Their value as laid in the petition was $300.   Defendant is charged with wrongfully taking and detaining the property from plaintiff.   The usual statutory allegations to preclude the retention of the property by defendant on a delivery bond, were made under oath.   An order of delivery followed and then a bond to defendant was duly filed by plaintiff with two

sureties, approved by the sheriff. Whereupon the property was taken from defendant by that officer and delivered to the plaintiff.

Defendant filed an answer, admitting the value of the said property to be $300, denying the other allegations of the petition, asserting ownership and right to possession of the property described, and that defendant's damages by the taking and detention thereof were $100, for which, and for the return of the property and for costs, she prays judgment. She then added a plea that plaintiff was her husband and as such could not maintain this action against her.

No reply appears, by the abstracts before this court, to have been filed.

When the cause came on for trial in 1900, the plaintiff dismissed it. The defendant orally requested the court to assess the value of the property, and to render judgment for the return thereof or the assessed value.

The further proceedings at that time it will be convenient to indicate by the history thereof in the bill of exceptions:

"It was admitted that plaintiff was living separate and apart from the defendant and they had been so living separate from the first day of March, 1900, and that an action for divorce was then pending between them in this court, which action had been tried, and taken under advisement by the court, but no decision had been rendered in it; and it was further admitted that plaintiff and defendant were husband and wife, both at the institution of the suit and at the time of the trial. It was admitted that plaintiff was in possession of all the property sued for.

"The defendant offered in evidence plaintiff's petition and affidavit, and also put in evidence the fact that in the previous case for divorce the plaintiff testified that the goods sued for were of the value of from four hundred to six hundred dollars.

"The plaintiff to sustain the issues on his part offered evidence as follows:

"The plaintiff being duly sworn as a witness testified as follows:

"Q. Who is the owner of these goods replevined? To which the defendant then objected for the reason that the ownership of the said goods could not be controverted by the plaintiff after he had dismissed his suit, but the court overruled the objection and the defendant excepted and saved his exceptions then and there and the witness answered: 'I am; the defendant does not own any of them.'

"Q. What is the value of these goods? To this question the defendant objected for the reason that plaintiff could not contradict the averment of his pleadings but the court overruled the objection and the defendant excepted and saved his exceptions at the time and the witness answered: 'About $80.'

"There was other testimony admitted over the objection and exceptions of the defendant that said goods were of the value of from $80 to $100.

"The matter was submitted to the court and the court declined to assess the value of the property or order its return or the payment of its value."

The judgment entered by the learned circuit court is as follows (omitting caption):

"Now on this twenty-ninth day of October, 1900, this cause in replevin coming on for hearing, the cause is on motion of plaintiff dismissed and defendant's claims for return of property and assessment of damages denied for the reason that plaintiff and defendant are husband and wife; and the court doth adjudge the costs herein against the plaintiff and doth order execution to issue therefor."

No instructions were asked or given by the court at the hearing above described.

Defendant moved for a new trial in due time, on grounds which will appear in the discussion of the mer-

its of the appeal. That motion having been overruled, defendant saved her exceptions by the usual bill, and then prosecuted an appeal to this court.

1. It would be singular, indeed, if a plaintiff by the preliminary process of a court of justice could obtain possession of property, and then by dismissing his action acquire a right to hold the property against the defendant whoever she might be. The question here is, can he achieve such a result simply because defendant is his wife?

Plaintiff did not charge her with any such fatal disability in his petition. That fact developed later. Meanwhile, by proceeding against her as an ordinary defendant, he had gained possession of the property by steps usual in actions of this character. Now he contends (and his contention has received some sanction) that defendant can not disturb the possession of the property which he obtained by these maneuvers because of the tender relationship existing between her and himself.

The petition of plaintiff in replevin alleges that defendant had the property in her possession. He demanded the aid of the court to transfer that possession to him. Having gained possession upon such allegations, plaintiff should not be allowed to abandon his claim of ownership and then to assert successfully that the court is powerless to restore to defendant the possession of the property which was invaded by the process plaintiff had secured against her. The manifest injustice of an assertion of that sort stamps it as probably spurious in law. Sound law does not often lead to such results.

The statute regulating the use of replevin ordains that if plaintiff fails to prosecute his action with effect and have the property in his possession, and defendant by answer claims it and demands its return, there shall be an assessment of the value of the property and damages for the taking and detention thereof, followed by a

judgment against plaintiff and his sureties for the return of the property or its assessed value with the damages and costs (R. S. 1899, secs. 4473, 4474). Plaintiff's contention is that this law can not be applicable, because defendant is his wife. We do not agree with his contention.

2. It was held in Gentry v. Templeton, 47 Mo. App. (St. L.) 55, that a married woman as defendant could recover the value of property taken from her by a statutory writ of replevin. In Gotcher v. Haefner, 107 Mo. 276, it was said that "a wife can maintain an action in her own name to recover her statutory separate property." In those cases, however, the husband was not the adverse party.

It has been several times declared by the Supreme Court of Missouri that prior to the enactment of section 4335 (R. S. 1899), suits in equity could be maintained between husband and wife in respect of their individual property. Darrier v. Darrier, 58 Mo. 222; Reed v. Painter, 145 Mo. 341 (46 S. W. 1089); Bank v. Simpson, 152 Mo. 138.

Gifts and other contracts between husband and wife were likewise sustained in equity long before sections 546 and 4335 (R. S. 1899) were law. Clark v. Clark, 86 Mo. 114; Turner v. Shaw, 96 Mo. 22.

The very fact that under the existing law particular forms are requisite to express certain kinds of agreements between two spouses, is a manifestation of legislative sanction to dealings between them concerning the wife's separate property. R. S. 1899, sec. 6869; Hurt v. Cook, 151 Mo. 416.

In Todd v. Terry, 26 Mo. App. (St. L.) 598, a widow was permitted to maintain a claim in the nature of an action at law for a probate allowance against her husband's estate; and the principle of that ruling was again fully recognized in Winn v. Riley, 151 Mo. 61. A number of other decisions bearing on that proposition will be found in an opinion of this court in

Grimes v. Reynolds, Admr., 94 Mo. App. (St. L.) 576.

In Woodward v. Woodward, 148 Mo. 241 (49 S. W. 1001), while sustaining the right of a married woman to protect her separate property by suit in equity against her husband, on the ground that such ancient remedy was not abrogated even if she had now an action at law for the same purpose, the court refrained from holding that she had no right to maintain an action at law. The intimations of the opinion we regard as decidedly favorable to her possession of that right.

In Smoot v. Judd, 161 Mo. 686, a personal judgment against a married woman was held valid and enforcible.

And the latest decision we have seen by the Supreme Court of Missouri most distinctly intimates that the title acquired by a married woman by force of the existing law is a legal title. Bank v. Hageluken, 165 Mo. 443 (65 S. W. 728). If this is so, why may she not assert or protect her legal title to her property against her husband by an action at law as well as she might formerly by a suit in equity?

From the principles announced in the foregoing decisions it follows logically that a wife, situated as is defendant in this case, has the right to a judgment for possession of her separate property against her husband in circumstances such as appear in the case at bar.

To say that she has the right to assert her dominion over her separate estate by an action at law against every one except her husband, is to put new language into the law which the Legislature did not enact. The vital purpose of the law would be defeated by such a construction.

The main idea of the law was to secure to the wife the full enjoyment of her separate property as against the ancient common-law claims of her husband and his creditors. Incident to that enjoyment must be her right to use the ordinary and usual remedies provided

by law to protect it, unless the Legislature has otherwise ordained. Instead of otherwise ordaining, the Legislature has taken pains to declare that a married woman, without joining her husband as a party, may sue or be sued in her own name "as if she was a feme sole," that is to say, as if she was an unmarried woman (R. S. 1899, sec. 546). The theory that the wife can only sue her husband in a court of equity, is far outside the terms of the legislation on the subject. If a man runs off with his wife's cow, or her clothes, must she await the approach of the circuit court, perhaps many months. later, to begin some sort of suit in equity against him to vindicate her right to enjoy her property; or may she go, as any ordinary citizen with a like legal right might go, to the nearest justice of the peace and obtain a writ of replevin as if she were really a "feme sole?" The statutes declare that she has the status of an unmarried woman as to such property (R. S. 1899, sec. 4335) and as to her right to sue concerning it (R. S. 1899, sec. 546). The courts should give effect to the spirit of those statutes.

3. The laws conferring on a married woman these rights are "enabling" or remedial acts. Nichols v. Nichols, 134 Mo. 193; Bank v. Hageluken, 165 Mo. 443 (65 S. W. 728); Warford v. Noble, 9 Bis. 324; Endlich, Interpretation (1888), sec. 127; Black, Interpretation (1896), p. 224. As such they should be fairly construed and applied so as to accomplish the purpose of their enactment.

In several other States a direct action of replevin between husband and wife has been permitted under laws resembling ours in respect of the title acquired by a married woman.

In Jones v. Jones, 19 Iowa 236, the Supreme Court of Iowa permitted a wife to recover a bureau from her husband by a writ of replevin. The bureau was her separate property and the statute gave her the right to sue alone. On this point it closely followed

the statute in force in Missouri as contained in the re-
vision of 1865 (Gen. Stats., 1865, p. 651, sec. 8), before
the enactment of the wider authority to sue contained
in section 546 of the present law (R. S. 1899). The
case last mentioned was participated in by Judge
JOHN F. DILLON, whose high rank as a jurist gives ad-
ditional weight to the judgment of the court.

In White v. White, 58 Mich. 546, it was held that a
wife living apart from her husband could maintain
replevin against him for her separate property, the
court saying, that it had "no doubts as to her right to
maintain this action."

In Carney v. Gleissner, 62 Wis. 493, it was held
that a married woman might maintain a writ of reple-
vin to recover her separate property withheld by her
husband. The law of that State at the time provided
that every married woman might sue in her own name
and vested in her the title to her separate property
substantially as does the law of Missouri. There was
no express provision permitting suits between husband
and wife, but the court considered that as "the husband
is nowhere excepted from the operation of the stat-
ute," the court had "no right to except him."

In Smith v. Smith, 20 R. I. 556 (40 Atl. Rep. 417)
an action of trover by a wife against her husband for
his conversion of her personal estate, was held main-
tainable. The law of Rhode Island provided that mar-
ried women should have entire control of their prop-
erty free from the control of their husbands, and fur-
ther provided that "in all actions, suits and proceed-
ings, whether at law or in equity, by or against a mar-
ried woman, she shall sue and be sued alone." In that
condition of the law the court could see no reason why
"a married woman might not maintain an action
against her husband for the conversion of her prop-
erty as well as against another person for a like con-
version."

In Bruce v. Bruce, 95 Ala. 563, the plaintiff main-

tained an action to recover four head of cattle from her husband. The action was held good under statutes which provided that the wife might sue alone for the recovery of her separate property and that she was entitled to the possession and control of her said property as if she were *sole*. The statute did not make any special provision as to her right to sue her husband at law. The court said that such was the necessary effect of its provisions because "suits against the husband are not, in terms or by implication, excepted from the operation of the statute." The discussion in this case is instructive, and the law under review is in its essential features like that of Missouri at this time.

In Ilgenfritz v. Ilgenfritz, 49 Mo. App. (K. C.) 127, it was observed in the course of a discussion of the case that a wife could not sue her husband at law, referring to the action of replevin, but the Supreme Court has greatly limited the effect of that decision by later rulings in Woodward v. Woodward, 148 Mo. 241, and in Bank v. Hageluken, 165 Mo. 443 (65 S. W. 728).

4. Moreover, the Ilgenfritz decision was rendered in view of a very different state of facts from those in the case at bar. It is clearly distinguishable from this case. Here the husband sued his wife by replevin as though she were a feme sole. Can he take advantage for a time of the writ he obtained in that manner and then repudiate the obligations arising from his taking of the property under the writ? We say no! If she was enough of a feme sole to be defendant in such a proceeding, while he took the property from her under his writ, she is enough of a feme sole for this occasion to have a judgment in the usual form against him for the return of the property and damages, as in ordinary actions of this character.

Even a married woman now may be bound by the position she takes in a law suit as to her separate property. Bensieck v. Cook, 110 Mo. 173; In re Austin's Estate, 73 Mo. App. (K. C.) 61. For stronger reason.

should a married man be held estopped, in the circumstances here appearing, from denying the competency of his wife to assert the rights belonging to her as defendant in an action which he brought directly against her. Brown v. Brown, 90 Mo. 184; Sanguinett v. Webster, 153 Mo. 371; Boettger v. Roehling, 74 Mo. App. (St. L.) 257.

But for the marital relation of these parties, defendant was unquestionably entitled to a judgment for the return of the property and the statutory incidentals. R. S. 1899, secs. 4473-4475; Ranney v. Thomas, 45 Mo. 111. We hold that she was none the less entitled to such a judgment because she was the plaintiff's wife.

The judgment is reversed and the cause remanded for further proceedings. *Bland, P. J.,* and *Goode, J.,* concur.